UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURY LEE PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> TRAXNYC CORP., <br><br> Defendant. | Civil Action No.: 32-cv-538 <br><br> COMPLAINT AND JURY DEMAND |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, MAURY LEE PHILLIPS ("Phillips" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against TRAXNYC CORP. ("TraxNYC" or "Defendant"), alleging as follows:

PARTIES

1. Plaintiff is an experienced, sought-after commercial photographer specializing in images of individuals in the entertainment industry. Plaintiff resides in Los Angeles, California.

2. On information and belief, Defendant is a Domestic Business Corporation existing under the laws of the State of New York, with headquarters in Rego Park, New York and a storefront located at 64 West 47th Street, New York, New York 10036. Defendant owns, operates, and is solely responsible for the content on its commercial website, www.traxnyc.com.

JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

6. Defendant is subject to personal jurisdiction in New York.

7. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff captured the photograph, "Notorious BIG-Maury Phillips Archives_3.jpg" ("Copyrighted Photograph") on March 9, 1997 in Los Angeles, California. [Exhibit 1].

9. On March 10, 1997, Plaintiff posted Copyrighted Photograph to: https://mauryphillipsphotos.photoshelter.com/image?&_bqG=6&_bqH=eJxzMfMrK_czKE01To4MCjUNLTQKy40sMUst8o60MrcyNbAyNAACK894l2Bn27z8kvyizPzSYjXP.NBg16B4TxfbUJB8fJSLYVJgonuRhatavKNziG1xamJRcgYAUBMdCw--&GI_ID=  (Last visited January 21, 2021). [Exhibit 2].

10. Plaintiff attached a watermark to the above-detailed post that read: "Maury L. Phillips Photograhy ©." [Exhibit 2].

11. Beginning on or about September 1, 2012, Defendant copied and posted Copyrighted Photograph to the Defendant's commercial website, www.traxnyc.com (Last visited August 7, 2020).

12. Defendant posted Copyrighted Photograph to the following URLs:

    - www.traxnyc.com/custom_jewelry/notorious.big (Last visited January 21, 2021). [Exhibit 3].

13. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on September 30, 2012 (Registration No.: VA 1-842-287). [Exhibit 4].

14. Defendant used Copyright Photograph as a half-page image to advertise an item of jewelry, "B.I.G. Piece," a jeweled pendant. [Exhibit 3].

15. Defendant copied and posted Copyright Photograph without license or permission of Plaintiff.

16. As of the date of this filing, despite numerous demands by Plaintiff to remove Copyrighted Photograph from Defendant's commercial website, Defendant has refused to do so. [Exhibit 5].

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

17. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

18. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

19. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

20. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendant's commercial website,

www.traxnyc.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

21. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

22. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

23. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's public website, www.traxnyc.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

24. As a result of Defendant's actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 504-5, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: February 1, 2021                                           REESE LLP

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

- and -

David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Telephone: (434) 233-2727
Email:  *david@daviddeal.com*

*Counsel for Plaintiff*